WATKINS, Judge.
The parties involved in this appeal are the Commissioner of Insurance (Commissioner), who appeals, and Rivnor Properties (Rivnor), the appellee.
Rivnor leased office premises to Fidelity Fire and Casualty Insurance Company (Fidelity). The contract of lease included an escrow agreement providing that Fidelity would make a deposit of $200,000 with Hibernia National Bank to secure its performance of payment of the rent. After the first year the deposit was reduced to $100,000. Under the terms of the lease the rent was due, in advance, on the first of the month, and Fidelity would be in default if it failed to pay timely. Rivnor was authorized to request payment from the funds held by Hibernia in the event Fidelity was in default. Rivnor agreed to provide Fidelity with advance notice of its intent to request payment from Hibernia. However, Rivnor was entitled to request payment of the entire amount in escrow when it was required to provide written notice to Fidelity a third time.
The trial court found that the rent was late for August, September, and October of 1991, and that Rivnor gave notice for those months.
Meanwhile, Fidelity was placed in conservation on June 13, 1991, and it was placed in liquidation on September 4,1991. Nevertheless, rent was paid on behalf of Fidelity — and accepted by Rivnor — until March, 1992.
Hibernia filed a concursus proceeding in Jefferson Parish in the Twenty-Fourth Judicial District Court, but the Commissioner filed for a stay of that proceeding until right *890 to the escrow funds in the amount of $105,-208.84 ($100,000 plus accrued interest) could be established in the liquidation proceeding in East Baton Rouge Parish. Fidelity’s exception to venue was overruled, and the matter went to trial in the 19th Judicial District Court. The exception is not before us on appeal.
The Commissioner argues that the trial court committed error when it found that the late rent and notices entitled Rivnor to claim the escrow funds; that the holding is erroneous because the law provides that a creditor’s rights are fixed as of the date of liquidation. LSA-R.S. 22:738. In essence, the Commissioner’s argument is that the escrow funds should become part of the general assets because Rivnor did not have a “secured claim” on the date of liquidation. However, Rivnor insists it has a “secured claim” under LSA-R.S. 22:757(11), which statute specifically mentions “deposit as security” and “escrow.” Rivnor avers it has complied with the liquidation statutes to collect its “secured claim” by following LSA-R.S. 22:761(D), by claiming the security and referring the deficiency to be treated as a claim against the “general assets.”
We find no merit in the Commissioner’s arguments, as there is no ground for treating Rivnor as anything other than a secured creditor. It can be inferred from the terms of the lease that the lessor might not have agreed to the lease absent the deposit.
Finally, we find no merit in the appellant’s assignment of error that the trial court erred in casting it for costs in this matter. The appellant’s rebanee on LSA-R.S. 22:744 is misplaced. The statute provides that the Commissioner shab not be cast for costs in btigation against an insurance company, but that the defendant insurance company can be cast for costs. The language of the judgment in the lower court is consistent with the statute because the Commissioner is cast only “in his capacity as Liquidator of Fidebty Fire and Casualty Insurance Company to the extent permitted by law.”
Accordingly, we affirm the judgment of the district court, and we decree that all costs of this appeal be assessed against James H. “Jim” Brown, Commissioner of Insurance of the State of Louisiana, in his capacity as Liquidator of Fidebty Fire and Casualty Insurance Company, to the extent permitted by law.
AFFIRMED.
SHORTESS, J., concurs with reasons.